IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FRANCES C. MYERS,

        Plaintiff,

v.                                            CIVIL ACTION NO.   3:15-07762

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

### MEMORADUM OPINION AND ORDER

        This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that Plaintiff's motion for judgment on the pleadings be granted, that the like motion of Defendant be denied, and that the decision of the Commissioner be reversed and this action be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings and consideration of Plaintiff's residual functional capacity (RFC). Both Plaintiff and Defendant have filed objections to the Proposed Findings and Recommendation. For the following reasons, the Court **DENIES** both parties' objections.

# I.
# STANDARD OF REVIEW

This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1), in part. The scope of this Court's review of the Commissioner's decision, however, is narrow: This Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g) (providing "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (other citation omitted)). Substantial evidence is "'more than a mere scintilla'" of evidence, but only such evidence "'as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In conducting this review, this Court also must address whether the Administrative Law Judge (ALJ) analyzed all of the relevant evidence and sufficiently explained her rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another). It is the ALJ's duty, however, not the courts, "to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). If there is conflicting evidence and reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citation omitted). "The issue before [this Court], therefore, is not whether

[Plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id*. (citation omitted).

## II.
## DISCUSSION

### A.
### Plaintiff's Objections

In her objections, Plaintiff asserts the Magistrate Judge erred in summarizing and affirming the ALJ's explanation for the weight she gave the medical opinion of Plaintiff's treating psychiatrist, Carol A. Klein, M.D. In the Proposed Findings and Recommendation, the Magistrate Judge found the ALJ "provided adequate reasons for giving little weight to Dr. Klein's opinion and followed the Regulations and rulings in evaluating Dr. Klein's opinion." *Proposed Findings and Recommendation*, at 21, ECF No. 15. Plaintiff insists that the ALJ erred in her analysis, and the Magistrate Judge wrongly determined that the ALJ set forth adequate reasons to support her decision to give Plaintiff's treating physician's opinion little weight. Specifically, the Magistrate Judge states that "[a]t the time of Dr. Klein's opinion, as the ALJ found, the substantial evidence did not support the more restrictive limitations regarding frustration and irritability, panic attacks, and social withdraw." *Id*. Plaintiff argues that nowhere in the ALJ's decision does she make this finding to support her decision.

Although the ALJ did not use these exact words, those are terms that Dr. Klein used to describe Plaintiff on the residual functional capacity (RFC) form she completed. *See* Exhibit 11F, Tr. 649, ECF No. 9-8, at 21. In addition, Dr. Klein opined on the RFC form that Plaintiff's social functioning was mildly deficient, and her concentration, task persistence, and pace were

moderately deficient. *Id*., Tr. 650, ECF No. 9-8, at 22. Dr. Klein further stated that her "[p]sychiatric illness is generally more stable when she can maintain adequate med doses—but [decreases] doses when financially strapped hence is less stable lately. Finances also limit participation in therapy." *Id*., Tr. 649, ECF No. 9-8, at 21. In her decision, the ALJ discussed these findings, but determined Dr. Klein's assessment was entitled to little weight "because it is vague and does not contain specific limitations." *Decision by the ALJ*, at 12, Tr. 169, ECF No. 9-2, at 170.

As stated by the Magistrate Judge, a treating physician's opinion is entitled to "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." *Ward v. Chater*, 924 F. Supp. 53, 55 (W.D. Va. 1996). A treating physician's opinion must be weighed against the whole record, and it ultimately is the Commissioner's, not the Court's, responsibility to make findings of fact and resolve conflicts of law. *Hays*, 907 F.2d at 1456. The Court's responsibility it to ensure the Commissioner's conclusions are rational. *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974). The Court has reviewed Dr. Klein's RFC and compared it to the other medical evidence of record, including the other records of Dr. Klein. Based upon this review, the Court **FINDS** the Commissioner's conclusion is rational. In addition, as recognized by the Magistrate Judge, despite affording little weight to Dr. Klein's assessment, the ALJ nevertheless limited Plaintiff to occasional interaction with others and low stress work. Thus, the Court **FINDS** Plaintiff's first objection is without merit.

Plaintiff's second objection is that the Magistrate Judge failed to review the ALJ's mental RFC assessment according to the applicable regulations and case law. The Court disagrees. The Magistrate Judge discussed the appropriate legal standard at length and evaluated the ALJ's RFC assessment in light of that standard. *See Proposed Findings and Recommendation*, at 22-24, ECF No. 15. The Court finds that the Magistrate Judge's analysis was proper and, upon review of the evidence, the Court agrees with the Magistrate Judge that the ALJ "adequately considered all the evidence of record" regarding Plaintiff's mental limitations and made her assessment consistent with the Regulations and *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). *Id*. at 24. Therefore, the Court **FINDS** Plaintiff's second objection also is without merit.

B.
Defendant's Objections

Turning next to Defendant's objections, Defendant argues the Magistrate Judge erred in recommending that the decision of the Commissioner be reversed and this action be remanded for further consideration of the impact Plaintiff's migraine headaches have on her RFC. *Id*. at 25. In the decision, the ALJ noted that Plaintiff complained of daily headaches, which she said prevented her from getting out of bed two to four times per week. However, with treatment, Plaintiff stated the pain and frequency of her migraines decreased and she only was bedridden once every seven to ten days. *Decision of the ALJ*, at 4, Tr. 161, ECF No. 9-2, at 162. When questioned by Plaintiff's counsel about whether there would be any jobs available to Plaintiff if she had to miss as little as three times per month due to any combination of impairments including migraines, the Vocational Expert (VE) testified that employment could not be sustained. *Hearing Tr.*, at 32-33, Tr. 210-11, ECF No. 9-2, at 211-12.

The ALJ nevertheless disregarded the VE's response to the hypothetical question posed by Plaintiff's counsel, by stating that "the weight of the evidence does not support such limitation." *Decision by the ALJ*, at 14, Tr. 171, ECF No. 9-2, at 172. In its objections, Defendant contends this conclusion was based upon the ALJ's finding that Plaintiff's migraines were not a severe impairment and she was "not entirely credible." *Id.*, at 4 & 12, Tr. 161 & 169, ECF No. 9-2, at 162 & 170. The Court, however, finds the ALJ's rationale unclear.

In the decision, the ALJ describes Plaintiff's complaints of migraines and finds they do not constitute a severe impairment on page 4 (in section 3; step two of the sequential analysis) of the decision. *Id.* at 4, Tr. 161, ECF No. 9-2, at 162. However, the ALJ found "the claimant was not fully credible" on page 12 (in section 4) of the decision. *Id.*, at 12, Tr. 169, ECF No. 9-2, at 170. In the same paragraph the ALJ made his credibility determination, she goes on to describe Plaintiff's mental impairment, panic attacks, use of a cane, and ability to lift, but there is no mention of her migraines. *Id.* Although the ALJ is not required to use "magic words," the ALJ must sufficiently explain her decision to credit or discredit certain evidence so the Court can conduct a meaningful review. *See Milburn Colliery Co.*, 138 F.3d at 528; *McGrady v. Astrue*, No. 1:11CV10, 2011 WL 4828884, at *20 (N.D. W. Va. Sept. 16, 2011) (stating "[t]he ALJ is not required to use a particular format in conducting [her] analysis,' but the decision must demonstrate there is sufficient development of the record and explanation of findings to permit meaningful review" (internal quotation marks and citations omitted)).

Here, the Court finds the ALJ has failed to adequately explain why she found Plaintiff's statements regarding her migraines was not supported by substantial evidence. As stated

by the Magistrate Judge, "[t]here is no indication in her credibility assessment that the ALJ discounted Claimant's reports of inability to get out of bed due to her migraines." *Proposed Findings and Recommendation*, at 25, ECF No. 15. In fact, it appears that even Defendant appears to miss the mark as to this issue in her Objections. In her brief, Defendant asserts "[i]t follows [from the facts] . . . that the ALJ properly concluded that Plaintiff's claims that she was bedridden two to three days *per week* were not consistent with the record evidence, and therefore, were not credible." *Def.'s Obj. to the Magistrate Judge's Proposed Findings and Recommendation*, at 7, ECF No. 16 (italics added; citation omitted). However, setting aside the Court disagreement with Defendant's summation, the most important issue is not whether the ALJ found Plaintiff was not credible when she said she was bedridden two to three days *per week*. Rather, it is an assessment of Plaintiff's statements that the pain and frequency of her migraines decreased with treatment and she only was bedridden once every seven to ten days when treated. It is in light of this much more conservative hypothetical situation that the VE expert testified there would be no jobs if Plaintiff was absent from work as few as three time *per month*. Given these facts, the Court finds that the ALJ's RFC assessment failed to properly address the limitations of her migraines and the testimony of the VE. Thus, remand is proper.

### III.
### CONCLUSION

Accordingly, for the above reasons and the reasons set forth by the Magistrate Judge, the Court **DENIES** both parties' Objections to the Proposed Findings and Recommendation of the United States Magistrate Judge (ECF Nos. 16 & 17), **ADOPTS AND INCORPORATES HEREIN** the Findings and Recommendation of the Magistrate Judge (ECF No. 15), **GRANTS** Plaintiff's Brief in Support of her Motion for Judgment on the Pleadings (ECF No. 11) to the extent Plaintiff seeks a remand for further consideration, **DENIES** Defendant's Brief in Support of

Defendant's Decision (ECF No. 12), **REVERSES** the final decision of Defendant, **REMANDS** this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings to consider Plaintiff's RFC, and **DISMISSES** this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 16, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE